IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID WATTIE-BEY, | : | No.: 1:14-cv-1769 |
| Plaintiff, | : | |
| | : | (Conner, C.J.) |
| v. | : | (Saporito, M.J.) |
| | : | |
| MODERN RECOVERY | : | |
| SOLUTIONS, | : | |
| Defendant. | : | |

## REPORT and RECOMMENDATION

This pro se action brought by plaintiff David Wattie-Bey against

defendant Modern Recovery Solutions ("MRS") sought statutory

damages for alleged violations of the Telephone Consumer Protection

Act ("TCPA"), 42 U.S.C. § 227, and the Fair Debt Collections Practices

Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and compensatory damages

for the common-law tort of intrusion upon seclusion. On March 3,

2016, we issued our report and recommendation (Doc. 42) wherein we

recommended that the defendant's motion for summary judgment

(Doc. 31) be granted.  Thereafter, on March 30, 2016, our report and

recommendation was adopted and summary judgment was entered in

favor of the defendant and against the plaintiff on all counts of

plaintiff's complaint. (Doc. 44).

On April 13, 2016, MRS timely filed a motion for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d) and 15 U.S.C. § 1692k(a)(3) wherein it seeks an order awarding it attorney's fees and costs in the amount of $17,105.05. (Doc. 45). In addition, the plaintiff filed three additional motions: (1) motion for in camera hearing in regard to defendant's request for attorney fees (Doc. 48); (2) motion to uphold the public trust (Doc. 53); and (3) motion for a mandatory judicial notice (Doc. 56). The motions seeking attorneys fees and costs has been fully briefed and ripe for disposition. For the reasons set forth herein, we recommend that the motion (Doc. 45) be granted in part and denied in part and the plaintiff's motions (Docs. 48, 53, 56) be denied as moot.

## I.   Background

We incorporate by reference our recitation of the facts set forth in our report and recommendation dated March 10, 2016. (Doc. 42). We include the following facts which are relevant to resolve MRS's motion for fees and costs.

On September 11, 2014, the plaintiff filed a complaint in this

2

Court against MRS alleging that MRS violated the TCPA, the FDCPA, and invaded plaintiff's privacy because it allegedly placed two wrong-number calls to him on March 6, 2014. (Doc. 1). On October 8, 2014, MRS filed its answer and affirmative defenses to plaintiff's complaint. (Doc. 4).

On December 23, 2014, pursuant to Fed. R. Civ. P. 11(c)(2), MRS's counsel sent plaintiff a letter enclosing a copy of a motion for sanctions and brief in support. (Doc. 15-1). The letter advised plaintiff that he had a safe-harbor of twenty-one days to dismiss his complaint before the motion for sanctions could be filed. (Id.). The letter also advised plaintiff that he was "improperly continuing to prosecute frivolous claims under the FDCPA, TCPA, and state law that are not supported by the evidence." (Id.).

On January 14, 2015, after plaintiff took no action in response to the December 23, 2014, letter, MRS filed its motion for sanctions and brief in support. (Docs. 14, 15). In its motion for sanctions, MRS requested that we sanction plaintiff for continuing to prosecute a frivolous action against MRS for alleged violations "on which plaintiff

cannot prevail as a matter of law." (Doc. 14). MRS indicated in its brief in support that its March 6, 2014, call to plaintiff had been manually dialed with a phone system that was not capable of making auto-dialed calls and that when plaintiff called back, a polite conversation ensued during which plaintiff advised that MRS had the wrong number. (Doc. 15, at 2-3). MRS argued that sanctions were justified because plaintiff had been provided with all of MRS's records detailing the deficiencies in his allegations but that he refused to dismiss his complaint. (Id.).

The plaintiff opposed MRS's motion for sanctions on January 20, 2015, and moved to strike the affidavit of Harry Albert, Jr., on January 21, 2015. (Docs. 16, 17, 18). MRS contends that plaintiff opposed its motion for sanctions with various unsupported accusations, including that MRS was attempting to deceive the Court by making false statements, that MRS was either destroying evidence or obstructing discovery, and suggesting that MRS was engaged in some kind of "war on the American public." (Doc. 16, at 1,3). The plaintiff's motion to strike was based on his contention that the affidavit of Harry Albert, Jr., was hearsay and was not based on

personal knowledge. (Doc. 17, at 1-2; Doc. 16, at 5). On January 22, 2015, Magistrate Judge Karoline Mehalchick summarily denied plaintiff's motion to strike. (Doc. 19).

On January 29, 2015, the plaintiff filed objections to the affidavit of Harry Albert, Jr., advancing arguments that were substantially similar to those set forth in his January 21, 2015, motion to strike. (Doc. 20).

On February 13, 2015, this case was referred to the undersigned and on March 5, 2015, we denied MRS's motion for sanctions without prejudice. (Doc. 24).

On May 22, 2015, after deposing the plaintiff, MRS filed its motion for summary judgment and brief in support. (Docs. 31, 32). In its motion, MRS argued that there was no evidence that it called plaintiff with a phone system capable of making auto-dialed calls, that it did not fail to identify itself under the FDCPA as alleged because plaintiff was not the consumer on the account at issue, and that it did not invade plaintiff's privacy by making a call to him on March 6, 2014. (Doc. 32). MRS supported its arguments again with the affidavit

of Harry Albert, Jr., the plaintiff's deposition testimony, and an affidavit from Larry Hinkle, the CEO of Telecom Business Solutions, Inc., MRS's telephone vendor. (Id.).

On June 15, 2015, the plaintiff filed a brief in opposition to MRS's motion. (Doc. 33). Though he conceded that the vast majority of facts were undisputed, the plaintiff continued to dispute that MRS called him with a phone system capable of making auto-dialed call and that he received two calls instead of one, despite his acknowledgement that both his and MRS's phone records did not reflect such a call taking place. (Id. at 1-2). On June 22, 2015, MRS filed a reply brief contending that the plaintiff failed to identify any genuine issues of material fact. (Doc. 34).

On December 9, 2015, the plaintiff filed a request for judicial notice asking the Court to take judicial notice "of the case Bill Dominguez v. Yahoo Inc., No. 14- 1751 (3d Cir. 2015)." (Doc. 35). On December 18, 2015, the plaintiff filed a motion for request of judicial notice asking us to take judicial notice "of the case Bill Dominguez v. Yahoo Inc., No. 14-1751 (3d Cir. 2015)" (Doc. 36), which we denied on

December 22, 2015. *(*Doc. 37).

On December 31, 2015, the plaintiff again filed a third motion for request of judicial notice asking us to take judicial notice "of the case <u>Bill Dominguez v. Yahoo Inc.</u>, No. 14-1751 (3d Cir. 2015)" *(*Doc. 38), which we denied on January 7, 2016. *(*Doc. 39).

On March 10, 2016, we recommended that MRS's motion for summary judgment be granted and that judgment be entered in favor of MRS and against plaintiff on all counts of plaintiff's complaint. *(*Doc. 42, at 22). With respect to plaintiff's TCPA claim, we found that MRS "made a <u>prima facie</u> showing that it is entitled to summary judgment" and that plaintiff "cit[ed] no competent evidence to rebut that cited by [MRS]." (<u>Id.</u> at 9-10). With respect to plaintiff's FDCPA claims, and notwithstanding plaintiff's shifting theories of liability, we found that no reasonable jury could conclude that "these two isolated telephone calls have the natural consequence of harassing, oppressing, or abusing [plaintiff] as recipient of the calls, nor that MRS acted with requisite intent to annoy, abuse, or harass [plaintiff]" or that "MRS failed to meaningfully disclose its identity." (<u>Id.</u> at 13-16). Finally, we found that the undisputed evidence in the record supported a finding

that MRS's actions were neither a substantial intrusion nor highly offensive to plaintiff. (Id. at 21).

On March 29, 2016, the plaintiff filed objections to our report and recommendation. *(*Doc. 43). The thrust of plaintiff's argument was that we improperly relied on the affidavits of Harry Albert and Larry Hinkle in reaching our recommendation because those affidavits were hearsay. (Id.). On March 30, 2016, this Court entered an Order and Judgment adopting our report, granting MRS's motion for summary judgment, and entering judgment in MRS's favor and against plaintiff on all counts of his complaint. (Doc. 44).

MRS contends that the material facts were never in dispute and that plaintiff filed this action in bad faith and for no other purpose than to harass MRS and try to coerce some kind of settlement. MRS has brought to our attention that the plaintiff has filed a total of six pro se lawsuits, including this action, in the Middle District of Pennsylvania since July 2010. MRS was not a party to the other five lawsuits.

## II. Legal Standards

Federal Rule of Civil Procedure 54(d)(1) gives district courts discretion to award costs to prevailing defendants while Rule 54(d)(2) gives district courts discretion to award reasonable attorney's fees if authorized by a statute, rule, or other provision of law. The FDCPA provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3) Further, a district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1171 (2013).

## III. Discussion

### a. Fed. R. Civ. P. 54(d)(1) and (2)

Under Rule 54(d)(1) a prevailing party is entitled to recover costs from the losing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. The opposite

9

presumption exists with respect to attorney's fees. Under "the bedrock principle known as the 'American Rule[,]' [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 253 (internal quotation marks omitted). Notwithstanding the American Rule, however, federal courts have inherent power to award attorney's fees in a narrow set of circumstances, including when a party brings an action in bad faith. See Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991) (explaining that a court has inherent power to award attorney's fees to a party whose litigation efforts directly benefit others, to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons); Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-259 (1975) (same).

We are further guided by the Third Circuit, which has held:

> that a district court may consider the following
> factors in reviewing a clerk of court's costs
> award: (1) the prevailing party's unclean hands,
> bad faith, dilatory tactics, or failures to comply
> with process during the course of the instant

> litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them. In contrast, a district court may not consider (1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues—in and of themselves—in the underlying litigation; or (3) the relative disparities in wealth between the parties. Again, the presumption is that costs, as defined by the relevant statutes and case law, will be awarded in full measure. Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party.

In re Paoli R.R. PCB Litig., 221 F.3d 449, 468 (3d Cir. 2000).

As far as costs incurred by MRS, it expended the sum of $471.55 to Magna Legal Services for the deposition transcript of the plaintiff. (Doc. 45-1, at 25). Applying these principles to the facts of the instant case, we find that MRS, as the prevailing party, (1) did not have unclean hands, (2) did not act in bad faith, and (3) did not fail to comply with process during the course of the litigation. As far as the potential indigency of the plaintiff, we note that he paid the filing fee of $400.00 on September 11, 2014. He did not present any evidence of

indigence nor do we find any. We see no reason to depart from the rule that the prevailing party is entitled to costs as no federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise.

Thus, we recommend that the plaintiff pay the sum of $471.55 to MRS as reimbursable costs. See 28 U.S.C. § 1920. For the reasons set forth below, we decline to recommend an award of attorney's fees under Fed. R. Civ. P. 54(d)(2).

b. 15 U.S.C. § 1692k(a)(3)

In order to prevail on a motion for attorney's fees and costs under 15 U.S.C. §1692k(a)(3), the defendant must provide evidence of plaintiff's bad faith and purposeful harassment. Puglisi v. Debt Recovery Sols., LLC, 822 F. Supp. 2d 218 (E.D.N.Y. 2011); Crooker v. Delta Mgmt. Assocs., Inc., Civil No. 1:CV-10-0101, 2010 WL 1390868, at *5 (M.D. Pa. Apr. 1, 2010). Section 1692k(a)(3) should be construed narrowly as not to discourage private litigation under the FDCPA. Id. Here, MRS contends that "[t]he record suggests that plaintiff knew his claims were without merit when he filed them." (Doc. 46, at 10). In support of this position, MRS argues that the fact that it made a wrong-number call. which was followed by a polite conversation with

12

the plaintiff, would not lead a reasonable person to conclude that multiple consumer protection laws had been violated. (Id. at 10-11). Further, MRS contends that the plaintiff made frivolous arguments in opposition to MRS's motion for summary judgment, and in prior litigation in this Court. (Id. at 11). While we agree that a prior history of filing vexatious litigation is a factor for our consideration, Crooker, 2010 WL 1390868, at *5, the plaintiff's prior litigation history does not support a finding of vexatiousness.

In its brief, the defendant identifies five other actions filed by the plaintiff in this court since 2010: Wattie-Bey v. Americredit Fin. Servs. Inc., Civil No. 1:10-cv-01370 (dismissed for plaintiff's failure to make proper application to proceed in forma pauperis); Wattie-Bey v. Attorney Gen. Office, Civil No. 1:10-cv-02224 (dismissed on defendant's motion for failure to state a claim); Wattie-Bey v. Vengroff, Williams & Assoc., Inc., Civil No. 1:12-cv-00143 (case settled and closed); Wattie-Bey v. Midland Credit Mgmt. Inc., Civil No. 1:12-cv-02057 (case settled and dismissed); and Wattie-Bey v. Stephen & Michaels Assocs., Inc., Civil No. 1:13-cv-00396 (case settled and dismissed). There is nothing about the dispositions of the prior cases

13

that would lead us to conclude that those cases involved frivolous or vexatious filings. Indeed, most of these cases were dismissed or closed pursuant to a settlement between the parties, and the one dismissal for failure to state a claim was premised on jurisdictional and immunity grounds unrelated to the merits of the plaintiff's claims.

The same applies to the instant case where the plaintiff lost on summary judgment. The plaintiff's opposition papers were inartfully drafted and the arguments made therein were disjointed. But we cannot say they were, ultimately, frivolous. MRS elected to answer the plaintiff's complaint rather than move to dismiss for failure to state a claim upon which relief could be granted. The parties engaged in the exchange of discovery, including a three-hour oral deposition of the plaintiff. In opposition to MRS's motion for summary judgment, the plaintiff merely failed to set forth specific facts, supported by the record, demonstrating that the evidence presented a sufficient disagreement to require submission to the jury. The plaintiff's failure to do so caused us to recommend that summary judgment be granted to MRS. We made no finding or recommendation with respect to frivolousness or bad faith, nor did the presiding district judge on

14

review of the plaintiff's objections to our report and recommendation.

Under these circumstances, we recommend that MRS's motion (Doc. 45) be denied with respect to its request for an award of attorney's fees.

In light of the foregoing, we further recommend that the plaintiff's motions (Docs. 48, 53, 56) be denied as moot.

IV.   <u>Recommendation</u>

Based upon the foregoing, it is RECOMMENDED that:

1.     The defendant's motion for attorney's fees and costs (Doc. 45) be GRANTED in part and DENIED in part;

2.     The motion (Doc. 45) be GRANTED with respect to the reimbursement of costs in the amount of $471.55 and the plaintiff be ordered to pay MRS that sum as reimbursement of allowable costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920;

3.     The motion (Doc. 45) be DENIED with respect to MRS's request for attorney's fees under Fed. R. Civ. P. 54(d)(2) and 15 U.S.C. § 1692k(a)(3); and

4.     The plaintiff's motions for <u>in camera</u> hearing in regard to the defendant's request for attorney fees (Doc. 48), to uphold the public

trust (Doc. 53), and for a mandatory judicial notice (Doc. 56) be DENIED as MOOT.

***s/ Joseph F. Saporito, Jr***.
JOSEPH F. SAPORITO, JR.
U. S. Magistrate Judge

Dated: December 30, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID WATTIE-BEY,        :     No.: 1:14-cv-1769
        Plaintiff,       :
                         :     (Conner, C.J.)
        v.               :     (Saporito, M.J.)
                         :
MODERN RECOVERY          :
SOLUTIONS,               :
        Defendant.       :

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered

the foregoing Report and Recommendation dated December 30, 2016.

Any party may obtain a review of the Report and Recommendation

pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed
> findings, recommendations or report addressing a motion or
> matter described in 28 U.S.C. § 636 (b)(1)(B) or making a
> recommendation for the disposition of a prisoner case or a
> habeas corpus petition within fourteen (14) days after being
> served with a copy thereof. Such party shall file with the
> clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify
> the portions of the proposed findings, recommendations or
> report to which objection is made and the basis for such
> objections. The briefing requirements set forth in Local
> Rule 72.2 shall apply. A judge shall make a *de novo*
> determination of those portions of the report or specified
> proposed findings or recommendations to which objection is
> made and may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate
 judge.  The  judge,  however  need  conduct  a  new
hearing      only in his or  her discretion or where
required  by  law,  and    may consider  the  record
developed before the magistrate  judge making his
or her own determination on the basis of
 that record.  The judge may also receive further
evidence,  recall witnesses or recommit the matter
to the magistrate  judge with instructions.

Failure to file timely objections to the foregoing Report and

Recommendation may constitute wavier of any appellate rights.



_**s/ Joseph F. Saporito, Jr.**_
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge


Dated: December 30, 2016