IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID WATTIE-BEY,** | : | CIVIL ACTION NO. 1:14-CV-1769 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MODERN RECOVERY SOLUTIONS,** | : | |
| | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 9th day of February, 2017, upon consideration of the report (Doc. 60) of Magistrate Judge Joseph F. Saporito, Jr., recommending that the court grant in part and deny in part the motion (Doc. 45) for attorneys' fees and costs by defendant Modern Recovery Solutions, and deny the motions (Docs. 48, 53, 56) by *pro se* plaintiff David Wattie-Bey ("Wattie-Bey") for an *in camera* hearing, to uphold the public trust, and for mandatory judicial notice, and it appearing that neither party has objected to the report, see FED. R. CIV. P. 72(b), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d at 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015) (citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the

record," FED. R. CIV. P. 72(b), advisory committee notes, and the court finding no error in the report and in full agreement with Judge Saporito's analysis, it is hereby ORDERED that:

1. The report (Doc. 60) of Magistrate Judge Saporito is ADOPTED.

2. Modern Recovery Services' motion (Doc. 45) for attorneys' fees and costs is GRANTED to the extent that Modern Recovery Services is granted reimbursement of costs in the amount of $471.55. Modern Recovery Services' motion (Doc. 45) is otherwise DENIED.

3. Wattie-Bey shall pay to Modern Recovery Services the sum of $471.55 as reimbursement of allowable costs under Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

4. Wattie-Bey's motions (Docs. 48, 53, 56) are DENIED as moot.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania